THE STATE v. DON BROWN, *alias* JAMES
JONES, Appellant.

Division Two, February 2, 1909.

NO BILL OF EXCEPTIONS: Defective Transcript.  A transcript
filed in the appellate court, in which matters of record proper
and evidence are commingled, having at its close the clerk's
certificate that defendant comes into court in vacation and
files bill of exceptions in this cause, which is signed and sealed
by the trial judge, but not showing that the bill of exceptions
is embraced within the record, does not authorize the court to
review the evidence, instructions or exceptions, or anything
except the record proper, for it fails to show any authenticated
bill of exceptions; and there being no error in the record
proper, the verdict, assessing defendant's punishment at five
years in the penitentiary for forgery, will not be disturbed.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,*
Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *F. G.
Ferris,* Assistant Attorney-General, for the State.

There is no bill of exceptions in this case, and
hence no matter of exception can be considered on this
appeal.   There is a certain transcript bearing the cer-
tificate of the clerk of the circuit court of Jasper county
on file with the clerk of this court, but the matters em-
braced within said transcript, while apparently mat-
ters of record and matters of exception, are thrown
together in chronological order, without reference to
their character.   We are thus left to conjecture as to
what things are to be regarded as record proper and
what as exception.   While we find matters of excep-
tion, we find no evidence of a bill of exceptions.   No
part of said transcript is designated as a bill of ex-
ceptions, and no part thereof purports to bear the
authenticating signature of the judge of the court

before whom the case was tried. The only reference we find to the signing of a bill of exceptions in this case is found in a vacation entry by the clerk, to the effect that a bill of exceptions was filed, "which is duly signed and sealed by the . Hon. Hugh Dabbs, Judge." (a) The bill of exceptions must be positively and plainly authenticated at each end, or it will not be considered. Its place of beginning is not to be determined by conjecture. Reno v. Fitz Jarrell, 163 Mo. 411; State v. Baty, 166 Mo. 561; State v. Weinegard, 168 Mo. 490; Clay v. Union Company, 200 Mo. 665. (b) Where the purported bill of exceptions is not signed by the judge who tried the case, there is nothing before the appellate court but the record proper, and if that is free from error, the judgment will be affirmed. State v. Collins, 196 Mo. 87; State v. Thompson, 149 Mo. 439; State v. Wilhoit, 142 Mo. 619.

FOX, J.—This cause is here by appeal on the part of the defendant from a judgment of the circuit court of Jasper county, Missouri, convicting him of forgery, and assessing his punishment at five years' imprisonment in the State penitentiary.

On the 24th day of September, 1907, the prosecuting attorney of Jasper county filed in the office of the clerk of the circuit court of said county an information, duly verified, in two counts. The first count charged that the defendant at said county forged a check, purporting to have been made by a fictitious firm, on the Miners Bank of Joplin, for $14.85; the second count charged that defendant at said time and place feloniously did pass, sell, utter and publish as true said check. On the 12th day of October, 1907, defendant was duly arraigned and pleaded not guilty to said information. On the 7th day of November, 1907, and at the same term of said court, the prosecuting attorney, by leave of court, filed an amended in-

formation, duly verified, in two counts. The first count charged defendant with forging a check for $18.75, purporting to have been made by a fictitious firm, Paoma Mine, by Charles Strong, superintendent, on Miners Bank of Joplin, and in favor of John Smith or bearer, and the second count charged him with having passed, uttered and published such check as true. On the same day defendant filed his motion to quash said amended information, which was overruled. Defendant was thereupon duly arraigned upon said amended information and pleaded not guilty thereto. The prosecuting attorney thereupon entered a *nolle prosequi* as to the second count of the information. The defendant was then put upon his trial, which resulted in the jury finding a verdict of guilty and assessing his punishment as heretofore indicated. Timely motions for new trial and in arrest of judgment were filed and by the court overruled. Judgment and sentence were entered of record in accordance with the verdict returned, and from this judgment the defendant prosecuted this appeal.

At the very threshold of the consideration of this cause we find that the record fails to disclose any authenticated bill of exceptions by which the objections and exceptions to the action of the court during the progress of the trial were preserved. There is an entire absence in this record of a bill of exceptions purporting to have been duly signed and sealed by the trial judge. While it does appear that there is a transcript on file in which matters of record proper' and evidence are all mingled together, and at the close the clerk certifies that the defendant comes in vacation and files herein his bill of exceptions in this cause, which is duly signed and sealed by the Hon. Hugh Dabbs, Judge, there is absolutely nothing which shows that a bill of exceptions is embraced within this record, and this statement by the clerk is insufficient to au-

thorize this court to review anything except the record proper.

It has been uniformly ruled by this court that the bill of exceptions must be positively and plainly authenticated, and embraced within the record sent to this court. This ruling has been so frequently made that there is no necessity for citing cases in which the rule has been announced.

The first count of the amended information upon which the judgment in this case is predicated, is in proper form, charging every essential element of the offense, and informations in similar form have been expressly approved by this court. [State v. Yerger, 86 Mo. 33.]

The jury were duly empaneled and sworn to try the case; the verdict and judgment are in accord with the provisions of the statute, and the record seems to be regular in every particular; hence the judgment · of the trial court should be affirmed, and it is so ordered. All concur.